*244
 
 Ruffin, C. J.
 

 It is not objected, that .the subject matter of the suit was not within the jurisdiction of the Justice ; and it is not denied, that a Constable is justified in such case by the precept of the Justice, apparently within his jurisdiction, unless he has knowledge of some matter, which, in fact, makes it void. In this case, it is inferred that the Constable had such knowledge, from the fact that he had before him, as well the judgment and warrant as the execution. But that supposes, that those proceedings, upon their face, when taken together, appear to be void. Therein, we think, consists the error in the Superior Court. It is true, we hold that it is contrary to law, and may produce great oppression, for a Justice of the Peace to take the return of a warrant a year after service of it, and proceed to judgment thereon; and no doubt that for that reason the judgment may be reversed on a writ of false judgment, unless, indeed, the defendant voluntarily appeared. But it does not appear upon these proceedings, that this was the case; for they do not shew when the warrant was served, and it may be that it was duly returned within thirty days from its date, and the Justice have continued it
 
 from time to time. It is
 
 not, indeed, stated on the warrant that the case had been continued; nor need it be thus stated, that is, in order to prevent the proceedings from being void' on their face ; for the statute cures “ a miscontinuance or discontinuance” in proceedings in Courts of record, and much more are objections, founded on those defects, to be overlooked in respect to proceedings before a Justice, as the statute of 1794 expressly provides, that they shall not be set aside fpr any matter of form, if the substantial matters required be set forth. Therefore, the Constable could not know that the Justice had not continued the trial from time to time, though he had not entered the continuances; and he had a right to assume that such was the cáse, as there is a presumption, that, as to matters within its jurisdiction, every Court has proceeded regularly, and that
 
 *245
 
 the judgment is right, until it be in due course of law reversed. It is true, that the Justice was examined on this trial, and it is stated, did not prove that what has been supposed was true ; but he did not prove the contrary, and if he had. that did not appear to the Constable upon the papers. That officer was, for aught he saw, obliged to execute the
 
 fieri facias,
 
 and therefore he ought to be protected in it. There may • have been something very wrong in the case; but if there was, this is not the way in which the defendant should seek redress. He might have had the judgment superseded and reversed, but was not at liberty to resist the execution of the process, which the Constable was bound to proceed to execute, while the judgment remained in force. It is to be remembered, that it is not suggested that the subject matter was not, either apparently or in fact, within the Justice’s jurisdiction. When that is the case, a defendant cannot be allowed to pick holes in the proceedings collaterally, although they might be for defects which would be .good cause of reversal. Until reversed they must be respected.
 

 Judgment reversed, and judgment for the State on the verdict, which must be certified accordingly.
 

 Per 'Curiam. Ordered to be certified accordingly.